Rosa L. León Albóniga, Petitioner and Appellant, *v.* Personnel Board of the Commonwealth of Puerto Rico, Respondent and Appellee.

No. O-71-119.      Decided January 14, 1972.

*Luis Muñoz Rivera* for petitioner. *Gilberto Gierbolini, Solicitor General,* and *Rurico E. Rivera Rivera, Assistant Solicitor General,* for respondent.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On December 15, 1969, the Secretary of Health removed Mrs. Rosa L. León Albóniga from her employment as Nurse IV at the Hospital Universitario of Río Piedras. Feeling aggrieved by this decision, the employee appealed to the Personnel Board. The Board delegated to its secretary the holding of public hearings, findings, and decision. 3 L.P.R.A. § 646(a)(6). Before said delegate the parties submitted, the following stipulation which was approved:

"Stipulation

"Attorney Rivera:

"The colleague who represents the Department of Health, Attorney Blanca Rivera, whom I esteem, and myself have prepared the following stipulation:

"Mrs. Rosa L. León Albóniga started to work as supervisor of the Surgery Room at the Hospital Universitario in October 1967 being paid by contract by the School of Medicine.

---

the statute of New York are conclusive to establish whether the amount seized may be used as a narcotic. However, said minimum amounts may be used as a basis for comparison.

"On February 15, 1969, she continued in the same position and with the same duties based on an appointment which was officially notified by the Personnel Office on February 3, 1969. Preliminary evaluations of her performance were made on September 19, 1969, October 21, 1969, and November 14, 1969, by Mrs. Calixta Arroyo, the Nurses Director of the Hospital Universitario. Since August 1968, Mrs. Calixta Arroyo had been supervising the work of Mrs. León Albóniga. Mrs. Arroyo and the other supervisors were always paid by the Department of Health.

"On December 15, 1969, Mrs. León Albóniga was removed from her position under the procedure provided for working test employees. Mrs. León Albóniga maintains that, de facto and de jure, she had acquired the status of a regular employee and that she was not an employee with a probational status. The case is submitted exclusively on the basis of the question as to whether or not Mrs. León Albóniga was entitled to preferment of charges for having acquired the status of a regular employee.

"It is requested that the testimony concerning the manner in which Mrs. León Albóniga performed her duties be eliminated from the record inasmuch as said testimony is academic in the light of the sole question that must be decided by the Personnel Board.

"If Mrs. León Albóniga had acquired a regular employee status she is entitled to be reinstated to her position and to the preferment of charges, if she is a temporary employee she is not entitled to reinstatement to her position.

"This is the stipulation which we submit to the person presiding this hearing.
"Attorney Rivera:
"We agree, the case is submitted."

After considering the report rendered by the Secretary, the Board decided that Mrs. León Albóniga was not a regular employee and that the procedure followed to remove her from her position was the proper one. The minutes No. 70-69 of the Board read:

"The Board considered the report submitted by the Secretary regarding the hearing held by him in this case, in which it was stipulated by the parties to submit the case exclusively on the

basis of the legal question as to whether or not Mrs. León Albóniga was entitled to preferment of charges for having acquired the status of a regular employee. This Board determines that when she passed to occupy the position of Nurse IV at the Hospital Universitario of Río Piedras, and hence, at the Department of Health, she had to comply with a working test period. At her removal, the Department of Health had not made the determination required by § 21(b) of the Personnel Act of notifying the Director that appellant had rendered satisfactory service. On the contrary, before the removal, the appointing authority had informed that they were unsatisfactory and that she was not going to continue in her position. Therefore, this Board understands that the procedure followed by the appointing authority upon removing the appellant-employee, Mrs. León Albóniga, during the working test period was the proper one."

The employee appealed from this decision to the Superior Court, San Juan Part, requesting review. She alleged that the Board had erred (a) in determining that the petitioner, upon assuming the duties of the position of Nurse IV at the Hospital Universitario of Río Piedras . . . had to comply with a working test period; and (b) upon concluding that the procedure followed by the appointing authority in removing the appellant-employee from her position was the proper one. She further alleged, in the alternative, that on the date of her removal she had completed the working test period.

The court granted a motion to dismiss, presented by the Board concluding ". . . that it lacks jurisdiction to entertain the present cause because it considers that the facts thereof come within the provisions of § 21 [3 L.P.R.A. § 661] whose legal review is not permitted as provided by § 6 [3 L.P.R.A. § 646] of Act No. 345 of May 12, 1947."

Said § 21 (3 L.P.R.A. § 661) provides that every person appointed to a position in the competitive service shall, after certification of his name from a list, be subject to a working test while occupying such position and that the period of such working test shall commence immediately upon the effective

date of appointment and shall continue for such time as may be established by the rules. It provides further that "At any time during the employee's working test period, the appointing authority may remove such employee from his position, if, in the opinion of the said appointing authority, the working test indicates that such employee is unable or unwilling to perform his duties satisfactorily or that his habits and dependability do not merit his continuance in the service."

On the other hand, § 6 (3 L.P.R.A. § 646) referred to by the Superior Court in its order provides that the decisions of the Board shall be final, except in cases of removal, in which cases review proceedings may be brought in the part of the Superior Court of Puerto Rico where the employee removed had been serving.

■ When the employee is removed from his position during the working test period, for the reasons set forth in the act over which there is no controversy, the decision of the Personnel Board is final and not subject to judicial review. Although in this case the Board, following the findings and recommendations contained in the report of its delegate, decided that Mrs. León Albóniga was a temporary employee subject to removal from employment without preferment of charges, that was precisely the controversy, for as she alleged in her petition for review before the Superior Court, she had already acquired the status of regular employee, (1) by reason of the duties and functions of the position which she had been performing for two years, and (2) in the alternative, because when the removal was decreed, the working test period had expired.

It should be remembered that the Board based its decision on the report rendered by its delegate. That report was not presented before the trial court and it seems, for what is inferred from the quotations which from that report makes the Solicitor General in his brief, that the delegate took into consideration the history in the personal record of appellant

in the Board. Neither did the trial court have before it that record.

■ In any event, the Superior Court should have settled the issue raised in the petition for review of the petitioner herein and for that purpose it should have assumed jurisdiction. The determination by the Board that an employee is holding his position temporarily, that is, during the working test period, when there is controversy as to that fact, does not oust the courts of jurisdiction to consider and decide the issue.

In view of the foregoing reasons, the order of the Superior Court, San Juan Part, must be reversed and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.